IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **John Palmer** and **Molly Palmer**, individuals, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) Civil Action No.:_____ ) |
| **Maury Cobb, Attorney at Law, LLC**, an Alabama limited liability company; and **Carrington Homeowner's Association, Inc.**, an Alabama non-profit corporation, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

As and for their Complaint, Plaintiffs John and Molly Palmer allege as follows:

### Parties

1. Plaintiffs John Palmer and Molly Palmer are adult residents of the State of Alabama residing in St. Clair County, Alabama, are "consumers" as that term is defined by 15 U.S.C. § 1692a(3), and are persons affected by a violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

2. Defendant Maury Cobb, Attorney at Law, LLC ("Maury Cobb"), is a limited liability company with its principal place of business in Jefferson County, Alabama, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

1

3. Defendant Carrington Homeowner's Association, Inc. ("Carrington"), is an Alabama non-profit corporation.

## Jurisdiction

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

5. This action arises out of Maury Cobb's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and out of the slander of Plaintiffs' title by these Defendants in their illegal efforts to collect a consumer debt from Plaintiffs.

6. Pursuant to 28 U.S.C. § 1391, venue is proper in this judicial district because the Defendants' principal places of business are located in this district, the Defendants transact business in this district, the Plaintiffs reside in this district, and the actions complained of occurred in this district.

## Factual Allegations

7. Plaintiffs reside in the Carrington neighborhood in Trussville, Alabama. Defendant Carrington charges neighborhood residents approximately $300.00 per year for maintenance and upkeep of common areas.

8. Plaintiffs incurred a financial obligation to Carrington that was primarily for personal, family or household purposes and is therefore a defaulted "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. Before 2009, Plaintiff John Palmer fell behind on his homeowner's association dues, along with other financial obligations.

10. John Palmer filed a Bankruptcy Petition under Chapter 7 of the U.S. Bankruptcy Code in 2009 in the United States Bankruptcy Court for the Northern District of Alabama bearing case number 09-05660-TOM7. Plaintiff's debt, including the debt owed to Carrington, was discharged by Order dated January 11, 2010.

11. On August 15, 2011, following Palmer's bankruptcy discharge, Defendant Carrington caused a lien in the amount of $999.75, plus interest/fees, to be filed in the Office of the Judge of Probate of St. Clair County, Alabama, in Judgment Book 2011, page 1621.

12. Palmer received no invoices or other billing from Carrington and was not made aware of the lien filing.

13. In 2014, Palmer still had not received any invoices or bills from Carrington for homeowner's association dues.

14. Then, on or about October 1, 2014, Palmer received a letter from Carrington's attorneys, Trimmier, Kudulis, Reisinger, LLC seeking payment of a purported homeowner's association debt to Carrington. The Trimmier firm sought an amount of nearly $3,000, even though the yearly dues were $300 and all homeowner's association debt pre-dating 2010 was discharged in bankruptcy.

15. Palmer disputed the debt and requested verification and validation of the debt owed from the Trimmier firm in writing within 30 days, but received no response. A true and correct copy of Palmer's October 31, 2014, correspondence to Trimmier is attached as Exhibit 1.

16. By letter dated November 13, 2014, Palmer received a letter from a different lawyer representing Carrington, John D. Young, seeking payment of a purported homeowner's association debt to Carrington of $2,900.00. A true and correct copy of John D. Young's November 13, 2014, correspondence to the Plaintiffs is attached as Exhibit 2.

17. Again, Palmer disputed the debt and requested verification and validation of the debt owed from John Young in writing within 30 days. Again, Palmer received no response. A true and correct copy of Palmer's December 16, 2014, correspondence to Young is attached as Exhibit 3.

18. On February 20, 2015, Palmer received correspondence from yet another lawyer representing Carrington, Defendant Maury Cobb. Though another year's association dues were not yet owed and only three months had passed since the $2,900 demand, this letter sought payment of a purported homeowner's association debt to Carrington of $3,642.86. A true and correct copy of the February 20, 2015 letter is attached as Exhibit 4.

19. By letter dated March 20, 2015, Palmer disputed the debt, provided Maury Cobb actual notice of Palmer's bankruptcy discharge, and requested validation of the debt pursuant to 1692g. A true and correct copy of the Plaintiffs' March 20, 2015 letter is attached as Exhibit 5.

20. Defendant Maury Cobb provided none of the information required by 1692g.

21. Instead, on March 2, 2016, Defendant Maury Cobb recorded a lien in the amount of $4,321.43, plus interest/fees, on behalf of Defendant Carrington in the Office of the Judge of Probate of St. Clair County, Alabama, in Judgment Book 2016, page 400.

22. Recording this lien violated 15 U.S.C. § 1692f(1) because it is unfair and unconscionable for Defendant Maury Cobb to attempt to collect debt of which a portion was discharged in bankruptcy. Further, Defendant Maury Cobb violated 15 U.S.C. § 1692g(b) because debt collectors must cease collection efforts until a consumer's debt is validated and Maury Cobb recorded the lien without validating the debt.

23. In February, 2017, Plaintiffs sought a loan from a financial institution to make improvements to their property. Plaintiffs were not aware of the improper lien filings until a title search required by Plaintiffs' lender revealed the clouds on Plaintiffs' title.

24. Plaintiffs have suffered special damages as a result of the Defendants' actions including, but not limited to, the expense associated with hiring counsel to assist in removing the false and improper liens and the interruption of Plaintiffs' planned improvements to his property.

25. Plaintiffs have suffered actual damages as a result of the Defendants' actions in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, and other negative emotions.

## Count I
Violations of the Fair Debt Collection Practices Act

26. Plaintiffs adopt and incorporate each of the preceding paragraphs as though the same were fully set forth herein.

27. The foregoing acts of Defendant Maury Cobb constitute violations of the FDCPA, including but not limited to each of the above-cited provisions.

28. 15 U.S.C. § 1692e(2) prohibits a debt collector from falsely representing the character, amount, or legal status of any debt.

29. Defendant Maury Cobb violated Section 1692e(2) by claiming an amount of debt in a recorded lien that, upon information and belief, includes interest, fees, and costs that have not been adjudicated as properly due and owing.

30. 15 U.S.C. §§ 1692f and 1692f(1) prohibit unfair and unconscionable practices by a debt collector to collect a debt, including "the collection of any amount...

unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

31. Defendant Maury Cobb violated Sections 1692f and 1692f(1) by recording a lien in an attempt to collect a defaulted debt from Plaintiff which was discharged, at least in part, in bankruptcy, and which may not be collected under federal law.

32. 15 U.S.C. § 1692g(b) requires a debt collector, upon receiving a plaintiff's request for validation of a purported debt, to cease collection efforts until a debt is validated and validation is sent to the plaintiff.

33. Defendant Maury Cobb violated Section 1692g(b) by recording a lien before responding to Plaintiffs' timely request for validation of the debt.

34. As a result of Defendant Maury Cobb's violations of the FDCPA, Plaintiffs are entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant Maury Cobb.

### Count II
Slander of Title

35. Plaintiffs adopt and incorporate each of the preceding paragraphs as though the same were fully set forth herein.

36. Plaintiffs owned (and continue to own) real property at 8113 Carrington Drive, Trussville, AL 35173.

37. Defendants recorded or caused their agents to record liens against Plaintiffs' property that were for amounts not owed by Plaintiffs and therefore false.

38. Defendants acted maliciously because Defendants knew that Plaintiffs did not owe the amounts claimed in the recorded liens, but recorded the liens in the Office of the Judge of Probate of St. Clair County, Alabama.

39. The liens recorded by or on behalf of the Defendants clouded and otherwise disparaged Plaintiffs' title.

40. Plaintiffs incurred special damages that were proximately caused by the Defendants' recording of the liens, including but not limited to the expense of retaining counsel to remove the liens.

41. As a result of the Defendants' Slander of Plaintiffs' Title, Plaintiffs are entitled to recover special, actual, and punitive damages, and whatever other relief the finder of fact may deem reasonable and appropriate.

Dated this the 2nd day of March, 2017.

>*/s/ Bryan G. Hale*
>Bryan G. Hale (ASB-6964-A55H)
>GOFORTH HALE LLC
>2700 Highway 280 South
>Suite 320W
>Birmingham, AL 35223
>Phone: (205) 403-5896

Fax: (205) 383-2807
bhale@ghattorney.com

*Attorneys for John Palmer and Molly Palmer*

**<u>Please serve the Defendants by Certified Mail as follows:</u>**

| | |
|---|---|
| Maury Cobb, Attorney at Law, LLC<br>c/o Registered Agent Maury Cobb<br>301 Beacon Parkway West<br>Suite 100<br>Birmingham, AL 35209 | Carrington Homeowners Association, Inc.<br>c/o Registered Agent Clyde Turner<br>5280 Old Springville Rd.<br>Pinson, AL 35126 |